IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS, INC., UNIVERSITA DEGLI STUDI DI CAGLIARI, CENTRE NATIONAL DE LA RECHERCHE SCIENTIFIQUE and L'UNIVERSITÉ MONTPELLIER II,<br><br>              Plaintiffs,<br><br>   v.<br><br>GILEAD SCIENCES, INC. and GILEAD PHARMASSET LLC,<br><br>              Defendants. | C.A. No. 13-1987-LPS |
| IDENIX PHARMACEUTICALS, INC., UNIVERSITA DEGLI STUDI DI CAGLIARI, CENTRE NATIONAL DE LA RECHERCHE SCIENTIFIQUE and L'UNIVERSITÉ MONTPELLIER II,<br><br>              Plaintiffs,<br><br>   v.<br><br>GILEAD PHARMASSET LLC,<br><br>              Defendant. | C.A. No. 14-109-LPS |
| IDENIX PHARMACEUTICALS, INC. and UNIVERSITA DEGLI STUDI DI CAGLIARI,<br>              Plaintiffs,<br><br>   v.<br><br>GILEAD SCIENCES, INC.,<br><br>              Defendant. | C.A. No. 14-846-LPS |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated July 26, 2016, Plaintiffs Idenix Pharmaceuticals, Inc., Universita Degli Studi di Cagliari, Centre National de la Recherche Scientifique, and L'Université Montpellier II (collectively, "Plaintiffs") and Defendants Gilead Sciences, Inc. and Gilead Pharmasset LLC (collectively, "Defendants") jointly submit this status report.

The Court's Order dated July 26, 2016, instructed the parties to address the following in the status report: (a) a proposed briefing schedule for supplemental construction of relevant terms of the '054 and '597 patent claims, (b) a proposed briefing schedule for a renewed motion for summary judgment for lack of written description of the '054 and '597 patents, and (c) proposed amendments to the Scheduling Order (D.I. 42) to account for the December trial date and to allow Plaintiffs to conduct fact and/or expert discovery related to the Court's denial of Plaintiffs' Motion to Strike (D.I. 295).

On July 28 and 29, 2016, the parties conducted meet and confer teleconferences to discuss these issues, and they have reached agreements for some of the proposed scheduling. In particular, the parties have reached agreement on a proposed briefing schedule for supplemental claim construction and a renewed motion for summary judgment on written description, as well as agreement on proposed amendments to the Scheduling Order in view of the December trial and the November 23, 2016 pretrial conference also established by the Court's Order. These proposals are set forth in Sections I and II below. In Section III, the parties submit their respective proposals for amendments to the Scheduling Order to allow Plaintiffs to conduct fact and/or expert discovery related to the Court's denial of Plaintiffs' Motion to Strike.

### I. Supplemental Claim Construction and Renewed Motion for Summary Judgment on Written Description

The parties jointly propose the following dates for briefing on supplemental claim construction of the '054 and '597 patents and any renewed motion for summary judgment on

written description:

| Event | Joint Proposed Date |
|---|---|
| The parties exchange proposed constructions of claim terms | August 5, 2016 |
| (1) The parties submit opening claim construction briefs and (2) Defendants submit opening brief on any renewed motion for summary judgment on written description | August 22, 2016 |
| (1) The parties submit responsive claim construction briefs and (2) Plaintiffs submit response brief on any renewed motion for summary judgment on written description | September 9, 2016 |
| Defendants submit reply brief on any renewed motion for summary judgment on written description | September 16, 2016 |
| Hearing on claim construction and any renewed motion for summary judgment on written description, if the Court determines that a hearing is appropriate | The week of September 26 or October 3, 2016 |

## II. Amendments to the Scheduling Order to Account for December Trial

The parties jointly propose the following new dates in light of the December trial and the November 23, 2016 pretrial conference (and the Court's cancelation of the October trial):

| Event | Current Date | Proposed Date |
|---|---|---|
| Deadline for Plaintiffs to provide draft pretrial order to Defendants | July 29, 2016 | October 17, 2016 |
| Deadline for Defendants to provide responses to draft pretrial order | August 15, 2016 | November 2, 2016 |
| Deadline to meet and confer and file pretrial order | August 29, 2016 | November 16, 2016 |
| Deadline to file proposed voir dire, jury instructions, and verdict forms | September 6, 2016 | November 18, 2016 |

**III. Amendments to the Scheduling Order Related to Denial of Plaintiffs' Motion to Strike**

The parties set forth below their respective positions on dates to allow Plaintiffs to conduct fact and/or expert discovery related to the Court's denial of Plaintiffs' Motion to Strike (D.I. 295).

**Plaintiffs' Position**

Plaintiffs propose the following dates for their additional discovery on Defendants' new defenses, and to allow for a summary judgment motion should Plaintiffs determine such a motion to be appropriate:

| Event | Plaintiffs' Proposed Date |
| --- | --- |
| Plaintiffs may depose Dr. John Secrist (3 1/2 hour limit) | Prior to August 31, 2016 |
| Deadline for Plaintiffs' submission of a supplemental expert report(s) limited to the new defenses | October 10, 2016 |
| Deadline for Defendants' submission of supplemental expert report(s) limited to the new defenses if Plaintiffs submit any additional expert report(s) limited to the new defenses | October 17, 2016 |
| Close of fact discovery by Plaintiffs | October 28, 2016 |
| Deadline for the parties to depose any experts submitting supplemental expert reports on the new defenses, but only if both parties file such supplemental expert reports (3 1/2 hour limit for each deposition) | October 28, 2016 |
| Deadline for Plaintiffs to file a motion for summary judgment limited to the new defenses with an opening brief of no longer than 30 pages in compliance with paragraph 13 of the Scheduling Order (D.I. 42)[1] | October 31, 2016 |
| Deadline for Defendants to file a response to any motion for summary judgment by Plaintiffs limited to the new defenses | November 9, 2016 |
| Deadline for Plaintiffs to file a reply to any summary judgment motion limited to the new defenses | November 15, 2016 |
| Proposed oral argument on any motion for summary judgment filed by Plaintiffs limited to the new defenses | November 23, 2016 |

---

[1] Plaintiffs have not previously filed any summary judgment motions in these cases, and their opening brief in support of their *Daubert* motion was 20 pages in length.

Plaintiffs respectfully submit that their proposal is consistent with the Court's July 26, 2016 Order and appropriately seeks to mitigate, to the extent possible, the prejudice to Plaintiffs from Defendants' late-disclosed new defenses, which was the basis for the Court's allowance of the additional discovery. Plaintiffs also believe that, given the truncated time in which to conduct discovery in light of the December trial date, Plaintiffs' proposal is more efficient than Defendants' proposal.

*First*, with respect to Plaintiffs' request to depose Dr. John Secrist before August 31, 2016, an early deposition will helpfully narrow and frame the needed discovery. This is appropriate given the limited time remaining until trial. In seeking a schedule that could delay any deposition of Dr. Secrist until as late as October 28, Defendants ignore the facts and circumstances giving rise to the Court's allowance of this additional discovery—Defendants' late disclosure, which the Court determined was prejudicial to Plaintiffs. Thus, contrary to Defendants' assertion, Plaintiffs did not have adequate opportunity to depose Dr. Secrist about these new defenses when he was previously deposed. Indeed, if Defendants had timely disclosed their new defenses, Plaintiffs would have already been able to depose Dr. Secrist on these new defenses. Accordingly, Plaintiffs' proposal for an early deposition of Dr. Secrist—limited to 3 ½ hours—appropriately seeks to mitigate Defendants' late disclosure and will helpfully inform further discovery.

*Second*, contrary to Defendants' proposal in which fact discovery would close on September 30, 2016, Plaintiffs' proposal allows for fact discovery to continue until October 28, 2016, when expert discovery would also close. Defendants' insistence on following the prior course of discovery in this case, in which fact discovery closed before expert discovery began, again ignores the facts and circumstances giving rise to the additional discovery and would

improperly limit Plaintiffs' discovery of relevant information—and in a period in which Plaintiffs will also be occupied with claim construction and summary judgment briefing (*see* Sections I and II).

*Third*, any supplemental expert report by Defendants should be responsive in nature; Defendants should not be permitted to submit a supplemental report unless Plaintiffs do so. The Court ruled that Plaintiffs, not Defendants, are permitted to take additional fact and/or expert discovery: "Given the Court's ruling on the motion to strike, *Idenix* is now going to be taking additional discovery that goes directly to this issue." (7/26/16 Hr'g Tr. at 140:20-23 (emphasis added); *accord id.* at 147:4-8 (directing the parties to identify dates for "new discovery which could be fact discovery, expert discovery, perhaps depositions and reports, whatever it is that *plaintiff* thinks they're going to need" (emphasis added)). Moreover, Defendants should not be allowed to file a new report and change positions, particularly since they already believed they had sufficient support in the record to seek summary judgment in their favor. If Plaintiffs determine that a supplemental expert report is unnecessary, there is no basis for Defendants to submit one.

*Fourth*, Plaintiffs appropriately seek the opportunity to move for summary judgment on the new defenses. Because of Defendants' late disclosure, Plaintiffs did not have full discovery in time to seek summary judgment on these issues, as the Court's allowance for further discovery acknowledges. (*See* 7/26/16 Hr'g Tr. at 147:4-8 (allowing Plaintiffs "an opportunity, an adequate opportunity -- which I believe I can do -- to cure the prejudice and the mild surprise" with additional discovery).) To partially ameliorate the prejudice to Plaintiffs, and consistent with the ordinary rights of a party, Plaintiffs should be permitted to seek summary judgment on the new issues if they believe the evidence supports it. *See Billups-Rothenberg, Inc. v.*

*Associated Reg'l and Univ. Pathologists, Inc.*, 642 F.3d 1031, 1036 (Fed. Cir. 2011) ("Summary judgment must be granted when, drawing all reasonable inferences in favor of the non-movant, there is no genuine issue as to any material fact."); Fed. R. Civ. P. 56(a).  Moreover, there is no prejudice to Defendants.  Plaintiffs will not use any more pages than originally permitted under the Scheduling Order (D.I. 42 at ¶ 13), *i.e.*, no more than 30 pages for their opening brief given that Plaintiffs used only 20 of their available 50 pages for summary judgment and *Daubert* briefing.  In fact, Plaintiffs anticipate that any summary judgment brief they file would be considerably shorter than that limit.  And of course, the Court's determination that the record "reveals genuine disputes of material fact" (7/26/16 Hr'g Tr. at 141:2-4) concerned the record prior to the additional discovery Plaintiffs are permitted to conduct.

**Defendants' Position**

Gilead's position on the additional discovery is set out below.  Consistent with the Court's order, Gilead's proposal sets out a period for fact discovery and then a period for expert discovery.

| Event | Deadline |
| --- | --- |
| Fact Discovery Close | September 30, 2016 |
| Idenix Expert Report | October 10, 2016 |
| Gilead Expert Report | October 17, 2016 |
| Expert Discovery Close | October 28, 2016 |

The parties have a few significant disputes on this issue.  Idenix proposes that it be allowed to depose Gilead's expert *before* any further fact discovery.  Gilead does not see the logic in this approach and, more importantly, this is not what Idenix requested or the Court ordered.  Idenix said it needed further discovery from Merck and Merck's former employees, so the Court allowed Idenix the opportunity to develop the facts that Idenix believes it needs regarding Gilead's defense of Merck's prior invention. Gilead's proposal sets out the most

straightforward and logical approach to doing so, as described more fully below. To allow Idenix to first depose Gilead's expert before taking (and before Gilead's expert has an opportunity to consider) the discovery Idenix claims it needs, only then engaging in fact discovery, then submitting an expert report to which Gilead can respond, and then deposing Gilead's expert again defies logic and would be both unduly burdensome and prejudicial to Gilead. Certainly that is not how fact or expert discovery transpired previously in this case (or in any other, to counsel's knowledge) and nothing in the Court's order suggests it would be appropriate to change course now. Idenix had all of Dr. Secrist's reports before his original deposition. With those reports in hand (and marked as exhibits), Idenix already deposed Dr. Secrist and opted not to ask Dr. Secrist about any of his Merck-related opinions. Idenix will have the opportunity to depose Dr. Secrist at the end of this discovery period if necessary – once more is enough, after Dr. Secrist, like Idenix's expert, has had an opportunity to consider whatever reasonable additional discovery Idenix takes. Idenix's proposal to take an early (additional) deposition of Gilead's expert should be denied.

As to the remainder of the discovery scheduling, the parties dispute whether fact discovery should bleed into expert discovery. For maximum efficiency—and, again, consistent with how the schedule was previously set up—fact discovery should close before expert discovery begins. Allowing fact discovery to occur in parallel with expert discovery presents significant problems, including drastically increasing the likelihood of supplemental reports to incorporate any of the late-discovered facts. Under Gilead's proposal, Idenix has a period to develop the facts. Then expert discovery occurs. If discrete third party discovery is unable to be scheduled until a time during the expert discovery period, Gilead will certainly work with Idenix

and the third party on scheduling, as the parties have previously done. But having significant fact discovery occur *after* the experts submit the additional reports, is counterproductive.

The parties also disagree as to whether Gilead's ability to serve an expert report to take account of the new discovery should be contingent on Idenix serving its own report. Gilead should be allowed to rely on any developed fact testimony or documents, regardless of whether Idenix chooses to serve an expert report. The only apparent explanation for Idenix's proposal it Idenix might not like what it is likely to find, and will hide those facts by not filing its own expert report on the issue. Alternatively, Idenix could rely on the factual evidence at trial but prevent Gilead from responding to it with its expert. Neither is in the public interest.

The final point of disagreement regarding the Merck prior invention defense is whether Idenix can file a new summary judgment motion on this issue. Gilead does not understand the Court's order to contemplate a further opportunity for Idenix to file a summary judgment motion. Instead of filing a summary judgment motion on this issue, Idenix chose to file a motion to strike Gilead's defense, which was denied. In the course of hearing that motion, Gilead understood this Court as having already noted that a motion for summary judgment would be futile "as it appears to me the record already reveals genuine disputes of material fact." (7-26-16 Hearing Tr. at 141:2-4.) Gilead request that Idenix's proposal be denied.

Finally, Gilead does not understand the Court's order to authorize Gilead to serve affirmative fact discovery of its own, but rather contemplates that Gilead will participate in any fact discovery Idenix serves, including reviewing and relying on documents and participating at depositions. If, however, Idenix's expert relies on informal conversations with fact witnesses as part of any expert opinion, or if Idenix seeks to rely on witness declarations in some fashion and thus circumvent Gilead's full participation, Gilead requests the right to depose those witnesses.

| ASHBY & GEDDES | FISH & RICHARDSON P.C. |
|---|---|
| */s/ John G. Day* | */s/ Martina Tyreus Hufnal* |

| | |
|---|---|
| Steven J. Balick (#2114) | Martina Tyreus Hufnal (#4771) |
| John G. Day (#2403) | Jospeh B. Warden (#5401) |
| Andrew C. Mayo (#5207) | Santosh V. Coutinho (#5470) |
| 500 Delaware Avenue, 8th Floor | 222 Delaware Avenue, 17th Floor |
| P.O. Box 1150 | Wilmington, DE 19899 |
| Wilmington, DE 19899 | (302) 652-5070 |
| (302) 654-1888 | hufnal@fr.com; |
| sbalick@ashby-geddes.com | warden@fr.com |
| jday@ashby-geddes.com | coutinho@fr.com |
| amayo@ashby-geddes.com | |

Leozino Agozzino
Calvin P. Griffith
Ryan B. McCrum
Michael S. Weinstein
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586-3939

Anthony M. Insogna
John D. Kinton
JONES DAY
12265 El Camino Real, Suite 200
San Diego, CA 92130
(858) 314-1200

John M. Michalik
Lisa L. Furby
JONES DAY
77 West Wacker
Chicago, IL 60601
(312) 782-3939

Jennifer L. Swize
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113

Frank E. Scherkenbach
Jenny Shmuel
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
(617) 542-5070

W. Chad Shear
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
(858) 678-5070

Jonathan E. Singer
Tasha M. Francis
FISH & RICHARDSON P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
(612) 335-5070

Corrin N. Drakulich
FISH & RICHARDSON P.C.
1180 Peachtree St., N.E., 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
drakulich@fr.com

*Attorneys for Defendants Gilead Sciences, Inc. and Gilead Pharmasset LLC*

Tharan G. Lanier
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
(650) 739-3939

*Attorneys for Plaintiffs*
*Idenix Pharmaceuticals, Inc., Universita*
*Degli Studi Di Cagliari, Centre National de*
*la Recherche Scientifique and L'Université*
*Montpellier II*

Dated: July 29, 2016